# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** <br> (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 10-CR-107-BBC-01 |
| DANIEL BARLOW | **Defendant's Attorney:** Michael Lieberman |

The defendant, Daniel Barlow, pleaded guilty to count 1 of the superseding indictment.

Counts 2 and 3 of the superseding indictment are dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 922(u) and 2 | Theft of Firearms from a Licensed Firearms Dealer, a Class C felony | March 13, 2010 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | August 30, 1987 | | June 9, 2011 |
| **Defendant's USM No.:** | 07087-090 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | c/o Shavay and Rudy Barlow (parents) <br> 812 Ridgewood Way <br> Madison, WI 53713 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | c/o Bureau of Prisons | | Barbara B. Crabb <br> District Judge |
| | | | June 9, 2011 |
| | | | Date Signed: |

# IMPRISONMENT

As to count one of the superseding indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for a term of 32 months. The sentence is ordered to run consecutively to the undischarged terms of imprisonment imposed in the Circuit Court for Dane County in cases nos. 07CF89 and 09CF404.

In all other respects, the judgment will remain as entered on February 3, 2011.

I recommend that defendant be afforded the opportunity to participate in mental health treatment and a substance abuse program in the Bureau of Prisons and that he receive prerelease placement in a residential reentry center with work release privileges.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a three-year term of supervised release.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

In light of the nature of the offense, I adopt special conditions one through seven as set out in the presentence report. Neither party raised any objections to the conditions.

As special conditions, defendant is to:

1) Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

2) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns;

3) Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; the defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition;

4) Not associate with any member or prospective member of any known street gang or affiliate;

5) Have no contact with victim Larry Gleasman in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. probation officer. Defendant shall not enter the premises or loiter within 1,000 feet of the victim's residence or place of employment;

6) Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider. Defendant shall be required to obtain his own funding for services; and

7) Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. The defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $11,470.00 |
| **Total** | $100.00 | $0.00 | $11,470.00 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his family upon release.

# RESTITUTION

Defendant is ordered to pay restitution in the amount of $11,470. His obligation is joint and several with that of codefendant Darren Richardson and any other co-conspirators who are ordered to pay restitution for the offense. Payments are to be made to the U.S. Clerk of Court for the Western District of Wisconsin for disbursement to Larry Gleasman, 1374 Williamson Street, Madison, Wisconsin 53703-3757.

Defendant does not have the means to make full restitution at this time. While on supervised release, he shall make minimum monthly payments of $50, beginning within 60 days of his release from custody. He is to apply 100% of his annual federal and state tax refunds toward payment of his restitution obligation. No interest is to accrue on the unpaid portion of the obligation.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

　　　　　　　　　　　　　　(1) assessment;
　　　　　　　　　　　　　　(2) restitution;
　　　　　　　　　　　　　　(3) fine principal;
　　　　　　　　　　　　　　(4) cost of prosecution;
　　　　　　　　　　　　　　(5) interest;
　　　　　　　　　　　　　　(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.