IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

Plaintiff,

ORDER

10-cr-107-wmc-1

v.

DANIEL BARLOW,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Daniel Barlow's supervised release was held on September 11, 2018, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Rita Rumbelow appeared for the government. The defendant was present in person and by counsel Steven Zaleski. Also present was U.S. Probation Officer Jelani Brown.

From the record and the parties' stipulation, I made the following findings of fact. The defendant was sentenced in the Western District of Wisconsin by the Honorable Barbara B. Crabb on February 3, 2011, following his conviction for theft of firearms from a licensed firearms dealer, in violation of 18 U.S.C. §§ 922(u) and 2, a Class C felony. The defendant was committed to the custody of the Bureau of Prisons to serve a 40-month term of imprisonment, to be followed by a 36-month term of supervised release. On June 9, 2011, the custodial portion of the sentence was amended to a 32-month term of imprisonment, with the 3-year term of supervised release remaining unchanged.

The defendant began his first term of supervised release in the Western District of Wisconsin on January 30, 2017. On July 7, 2017, the case was reassigned to me, and approximately three weeks later his first term of supervision was revoked as a result of the

defendant's arrest for domestic battery, failure to report to the probation officer as directed, failure to follow the instructions of the probation officer, and testing positive for marijuana on more than three occasions between February 2017 and May 2017. While revocation was mandatory under 18 U.S.C. § 3583(g)(4), by virtue of the defendant's violations, a custodial sentence of time served was imposed for the five days that he had already spent in the custody of the U.S. Marshals Service. This additional term of imprisonment was to be followed by another 36-month term of supervised release, including a special condition requiring the defendant's home confinement and location monitoring for a period of 90 days. He began this second term of supervised release on July 27, 2017.

Although his initial, renewed supervision appeared to begin reasonably well, the defendant appeared to violate the Mandatory Condition requiring that he refrain from committing another federal, state, or local crime. Specifically, on October 25, 2017, he was arrested by the Town of Madison, Wisconsin, Police Department for possession with intent to deliver marijuana (less than 200 grams or less than 4 plants) and possession of drug paraphernalia. The Dane County District Attorney's Office charged the defendant with possession of drug paraphernalia. Although that charge was was dismissed on Prosecutor's Motion on December 18, 2017, in Dane County Circuit Court, Case No. 2017FO003423.

Unfortunately, the defendant also continued to violate Special Condition No. 7 requiring that he abstain from the use of alcohol and illegal drugs *and* from association with drug users and sellers, as well as participate in substance abuse treatment. In particular, he submitted urine specimens that tested positive for marijuana on September 6, 2017, and January 18, March 2, April 23, and June 25, 2018. The defendant was also open about his continued use of marijuana when the positive test results were discussed with his supervising probation officer.

In addition, it appears that the defendant has been dishonest with the probation office. For the past three months, he has claimed to be employed by Topper's Pizza in Madison. In preparing to serve him with the summons for the September 11 hearing, the probation officer again reviewed this same employment information with Mr. Barlow on August 31, 2018. On September 4, 2018, however, the supervising probation officer traveled to Topper's Pizza to meet with Mr. Barlow, only to learn that he had quit his job without notification approximately two months before. When questioned, Mr. Barlow did not deny he was no longer working at Topper's Pizza, but then claimed that he was now working at a detailing shop, although he could not recall the name or location of the business.

Consistent with the Seventh Circuit Court of Appeals decision in *United States v. Trotter,* 270 F. 3d 1150, 1152 (7th Cir. 2001), the court finds that the defendant's conduct falls into the category of a Grade B violation because he both possessed and used marijuana on September 6, 2017, and multiple times during the first six months of 2018. The defendant has a prior conviction for possession of marijuana, making any subsequent illegal possession of a controlled substance a felony offense, and likely mandating revocation under 18 U.S.C. § 3583(g)(1).

Nevertheless, because the defendant has indicated a willingness to attend and participate in residential treatment in order to return to compliance *and* because the Probation Office endorses this approach, the court will stay the proceedings to provide the defendant with the opportunity to prove himself. If the defendant is unable to return to compliance or continues to use marijuana, the probation office is directed to notify the Court promptly and this hearing will reconvene.

ORDER

IT IS ORDERED that this proceeding is STAYED and the defendant's term of supervised release imposed on July 27, 2017, is CONTINUED as previously entered, with the additional requirement that the defendant shall participate in residential substance abuse treatment at Attic Correctional Services and complete their 27-day residential treatment program. The defendant is also to comply with the mandatory and non-mandatory conditions of supervised release previously imposed, including mental health treatment.

If the defendant fails to complete the residential treatment program or fails to comply with the mandatory, standard, and special conditions of supervised release imposed on July 27, 2017, the probation office is directed to file a petition for judicial review promptly and these proceedings will be reopened. If the defendant completes the residential treatment program and returns to compliance, the court will consider a petition to dismiss the pending petition on or before December 17, 2018. Absent either, a final hearing will be held on the petition on December 17, 2018, at 1:00 p.m.

Entered this 12th day of September 2018.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

4